Case 6:23-cv-00025   Document 1   Filed on 04/26/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas

**ENTERED**
April 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LINN ENERGY, LLC, et al., | § | Case No. 16-60040 (DRJ) |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| ENABLE MISSISSIPPI RIVER TRANSMISSION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 16-6017 |
| | § | |
| LINN ENERGY HOLDINGS, LLC, et al., | § | |
| | § | |
| Defendants. | § | (Docket No. 296) |

**AGREED REPORT AND RECOMMENDATION
REGARDING JOINT MOTION TO WITHDRAW THE REFERENCE**

Plaintiff Enable Mississippi River Transmission, LLC ("Enable") and Defendants Devon Energy Production Company, L.P., Devon Gas Operating Inc., and Devon Gas Services, LP (collectively "Devon"), (together the "Parties"), seek withdrawal of the reference of this adversary proceeding under 28 U.S.C. § 157(d).

For the reasons set forth below, the Court recommends that the District Court withdraw the reference in this adversary proceeding pursuant to 28 U.S.C. § 157(d).

**Background**

1. Enable operates an underground natural gas storage field in Lincoln Parish, Louisiana, known as the West Unionville Storage Facility. For a period of time, Devon owned and operated producing wells in the nearby Ruston Field. Enable alleges that storage gas injected into the West Unionville Storage Facility migrated to the Ruston Field, and that Devon wrongfully produced Enable's storage gas.

2. In 2014, which is during the period of time for which Enable claims it is entitled to recovery, Devon transferred ownership of these wells to Linn. After the transfer, Enable also contended that Linn continued to wrongfully produce Enable's storage gas.

3. Enable instituted this action by filing a Petition against Linn and Devon in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana, Case No. 57629 on May 5, 2015 [Docket No. 1].

4. Linn filed a petition under Chapter 11 of the Bankruptcy Code on May 11, 2016, *In re Linn Energy, LLC, et al.*, Case No. 16-60040 [Docket No. 1, Case No. 16-60040].

5. On August 9, 2016, Enable removed the case to the United States District Court for the Western District of Louisiana [Docket No. 1]. Thereafter, Enable filed an Unopposed Motion to Transfer Venue to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1412 [Docket No. 5], which was granted, and the case was transferred in September 2016. [Docket Nos. 6, 7]. The case has continued as an adversary proceeding in this Court since that time.

6. On January 27, 2017, the Court confirmed a plan of reorganization (the "Plan") [Docket No. 1629, Case No. 16-60040].

7. The Effective Date of the Plan occurred on February 28, 2017 [Docket No. 1761, Case No. 16-60040], and Linn emerged as a reorganized debtor—Riviera Resources, Inc., f/k/a Linn Energy Holdings, LLC ("Riviera").

8. On September 27, 2018, the Court issued a Final Decree Closing the Chapter 11 Cases of the reorganized debtors [Docket No. 3031, Case No. 16-60040].

9. On December 9, 2021, in the adversary proceeding, Enable and Riviera filed a Joint Notice of Dismissal with Prejudice, giving notice that they "settled all matters in dispute regarding

all claims as between Enable and Riviera from on and after May 11, 2016 (the 'Petition Date')" [Docket No. 229].

11. Enable entered into a settlement with Linn relating to its pre-Petition Date claims in the adversary proceeding, effective July 15, 2022.

11. The Parties have completed substantial discovery, and discovery in the adversary proceeding closed on September 23, 2022 [Docket No. 270].

12. On September 18, 2022, Riviera filed a Motion for Leave to Amend Answer and Assert Attorney's Fees Crossclaims in the adversary proceeding, seeking the Court's permission to assert claims against its Devon co-defendants for defense fees, costs, and expenses incurred in defense of the case [Docket No. 268].

13. On October 3, 2022, the Court granted Riviera's motion, giving it permission to amend its answer to assert these claims [Docket No. 273].

14. The Court held a status conference hearing on October 12, 2022 [Docket No. 275]. During that hearing, counsel for Enable and Devon explained that in light of (1) Enable's settlement with Linn and Riviera—the only defendants involved in the Chapter 11 proceeding—(2) the completion of discovery, and (3) the dispute between Devon and Riviera, the Parties believe that the dispute between them should proceed in the District Court at this time. The Court expressed agreement, and counsel prepared withdrawal papers.

15. On December 8, 2022, Devon answered Riviera's cross-claims and asserted counter-claims against Riviera [Docket No. 283].

16.     On January 20, 2023, Devon and Riviera filed a stipulation and agreed order dismissing Riviera's cross-claims and Devon's counter-claims [Docket No. 292], which this Court signed January 27, 2023 [Docket No. 294].[1]

17.     The only remaining claims in this adversary proceeding are between Enable and Devon.

## Analysis

18.     Any proceedings "related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges of the district." General Order 2012-6, ¶ 1. This reference, however, may be withdrawn on the motion of any party for "cause shown." 28 U.S.C. § 157(d).

19.     The Fifth Circuit has provided general principles to "guide the district court" in its inquiry. *See Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 765 (S.D. Tex. 2007) (discussing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)). These are: (1) whether the matter is core or non-core; (2) reducing forum shopping and confusion; (3) promoting uniformity in bankruptcy administration; (4) fostering the economical use of the debtors' and creditors' resources; (5) expediting the bankruptcy process; and (6) the presence of a jury demand. *See Holland*, 777 F.2d at 998-99.

20.     *The proceeding is non-core.* Enable's claims against Devon are non-core. Linn and Riviera are no longer involved, and Enable has no remaining claims against the debtor (or reorganized debtor) in a Chapter 11 proceeding. Enable's claims against Devon neither "involve[]

---

[1] There was a pending agreed motion to sever the Devon and Riviera dispute at the time the stipulated dismissal was filed [Docket No. 284]. The purpose of the agreed severance motion was to allow the reference to be withdrawn as to the dispute between Enable and Devon while the dispute between Riviera and Devon proceeded in the Bankruptcy Court. In light of the stipulated dismissal, this became moot, and the severance motion was withdrawn [Docket No. 293].

a right created by the federal bankruptcy law," nor would they "arise only in bankruptcy." *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

21.     *There is no forum shopping concern here.* Enable and Devon agree that it is appropriate for the District Court to handle the claims between them at this point in the litigation.

22.     *Uniformity, economy, and efficiency support withdrawal of the reference.* Here, no debtors (nor reorganized debtors) remain in this proceeding; the Plan has been confirmed; the Effective Date was over five and a half years ago; and the Bankruptcy Court issued a Final Decree Closing the Chapter 11 Cases of the reorganized debtors. Adjudication of Enable's claims will not impact administration of the estate. Likewise, there are no remaining bankruptcy issues as to Enable's claims against Devon for which the Bankruptcy Court's particular insight is needed.

23.     *Jury trial demanded.* A jury has been demanded, and there is not consent to final adjudication by the Bankruptcy Court [Docket No. 101]. This supports withdrawal, as the Bankruptcy Court cannot conduct a jury trial in the circumstances here. *Veldekens*, 362 B.R. at 768 ("Except under limited circumstances . . . a bankruptcy court cannot conduct a jury trial. Therefore, when considering a motion to withdraw, the district court should consider whether any party has made a demand for a jury trial.").

## Conclusion

Based on the foregoing, the Court recommends that the District Court grant the Parties' Motion and withdraw the reference for this adversary proceeding.

**Signed:  March 10, 2023.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE