Case 6:23-cv-00025   Document 182   Filed on 09/30/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ENABLE MISSISSIPPI RIVER TRANSMISSION, LLC,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:23-CV-00025 |
| **DEVON ENERGY PRODUCTION COMPANY,** | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

After a jury trial on the merits of a different claim, Plaintiff Enable Mississippi River Transmission, LLC ("Enable") moves to revisit a final judgment based on the bankruptcy court's 2019 dismissal of its conversion claim. Because that order was interlocutory, Enable never had the opportunity to appeal it directly, and it merged with the final judgment. But Enable also never sought reconsideration, never challenged the ruling during pretrial proceedings, and never asked to revive the claim at trial. Now, after losing before the jury on a different theory, Enable asks the Court to undo the final judgment and retroactively reinstate the dismissed claim. But Enable has not shown that the 2019 dismissal was manifest error.

Pending before the Court is Enable's Motion for New Trial. (Dkt. No. 179). Because Enable seeks relief based on a ground that was not tried, the Court construes the request as a motion to alter or amend the judgment under Rule 59(e) and, for the reasons below, **DENIES** the Motion.

**I.     BACKGROUND**

This case concerns a long-running dispute over natural-gas production in and around the West Unionville Gas Storage Facility in Lincoln Parish, Louisiana. (Dkt. No. 52 at 1–2). Since 1968, Enable Mississippi River Transmission, LLC ("Enable") has operated the facility as an underground storage site. (*Id.* at 2). Enable stores processed natural gas—"storage gas"—in a subsurface formation known as the Vaughn Sand. (*Id.*).

Close to the storage field lies the Ruston Field, (*Id.* at 2), where Devon Energy Production Company, L.P. ("Devon") operated several wells, (*Id.* at 4). By at least the 2010s, Enable alleges, Devon's wells had begun producing storage gas that had migrated from Enable's reservoir into the Ruston Field. (*Id.* at 4–5). Enable claims that Devon produced and sold that gas without compensation. (*Id.* at 2).

Enable sued Devon and its predecessor in Louisiana state court in 2015. (Dkt. No. 11-9 at 1–13). After the predecessor filed for bankruptcy, the case was removed and transferred to the United States Bankruptcy Court for the Southern District of Texas as an adversary proceeding. (Dkt. No. 1 at 2); *see Enable Miss. River Transmission LLC v. Linn Energy Holdings, LLC* (*In re Linn Energy, LLC*), Ch. 11 Case No. 6:16-BK-60040, Adv. No. 6:16-AP-06017 (Bankr. S.D. Tex. Mar. 10, 2023) [hereinafter *Adv. Proc.*]. In April 2017, Enable filed a first amended complaint in the adversary proceeding. (*Adv. Proc.*, Dkt. No. 34). The bankruptcy court dismissed the complaint with leave to refile for failing to plausibly allege distinct claims. (*Adv. Proc.*, Dkt. No. 63 at 5–6).

Enable then filed a second amended complaint asserting four claims: (1) negligence, (2) conversion, (3) violation of correlative rights under Louisiana

2

Civil Code Article 667, and (4) unjust enrichment. (*Adv. Proc.*, Dkt. No. 65 at 7–12). Devon moved to dismiss. (*Adv. Proc.*, Dkt. No. 66).

At a June 2019 hearing, the bankruptcy court dismissed the negligence and conversion claims with prejudice but allowed the Article 667 and unjust-enrichment claims to proceed. (*Adv. Proc.*, Dkt. No. 82 at 64:9-20). The court stated that it had reviewed the allegations in paragraphs 10 through 26 of the amended complaint and, applying *Twombly* and *Iqbal*, found that the negligence and conversion claims failed to state plausible grounds for relief. (*Id.*). It also concluded that the arguments in support of these claims had "gone way outside the factual support for the pleading." (*Id.* at 64:3-4). The court added that because "this is the second time around, there is going to be no replead." (*Id.* at 64:7-8). It memorialized its holdings in a written order dismissing the negligence and conversion claims with prejudice. (*Adv. Proc.*, Dkt. No. 95). Enable did not seek reconsideration.

In February 2020, Enable filed a third amended complaint realleging all four claims. (*Adv. Proc.*, Dkt. No. 126 at 7–12). The case was later withdrawn from the bankruptcy court and transferred to this Court for trial. (Dkt. No. 1).

The Parties' Joint Pretrial Order made no mention of the conversion claim except to note that it had been dismissed. (Dkt. No. 65 at 12). At the final pretrial conference, counsel confirmed in response to a direct question from the Court that the only live claim was "an Article 667 claim under Louisiana law . . . . But that's it." (Dkt. No. 134 at 3:23–4:7). The Parties' joint proposed jury instructions made no mention of conversion. (Dkt.

3

No. 89). And at no point before or during trial did Enable move on the record to add or revive that claim.

The Court submitted only the Article 667 claim to the jury. (Dkt. No. 144 at 7). The jury found for Devon. (Dkt. No. 147 at 1). The Court entered final judgment on November 19, 2024. (Dkt. No. 167).

Enable moved for a new trial. (Dkt. No. 179). Its sole argument is that the bankruptcy court erred in dismissing the conversion claim in 2019. (*Id.* at 1). Enable does not challenge the trial proceedings, the jury instructions, or the verdict. (*See generally id.*). It instead contends that the second amended complaint plausibly alleged the conversion claim, and the dismissal prevented it from pursuing a viable theory of liability. (*Id.* at 1–8).

Devon opposes the Motion. (Dkt. No. 180). It argues that Rule 59(a) does not authorize a new trial on a claim that was never tried and that, even construing the Motion as one to alter or amend the judgment, the 2019 dismissal was not manifest error. (*Id.* at 6–16).

## II.    LEGAL STANDARD[1]

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The rule allows a court "to prevent [a] manifest injustice" by altering

---

[1] The Court provides the standards governing a motion for relief under Federal Rule 59(e) because, as discussed below, that is the proper framework for evaluating Enable's Motion, even though it is styled as one for a new trial under Federal Rule 59(a). *See infra* Section III(A).

or amending a judgment upon a timely motion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 476 (5th Cir. 2004).

"[A] movant's burden in seeking to overturn a court's judgment is a heavy one." *Hoskins v. USAA Cas. Ins.*, No. 4:25-CV-01296, 2025 WL 1918850, at *1 (S.D. Tex. July 11, 2025). Relief under Rule 59(e) is available only in three narrow circumstances: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in controlling law. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The only ground alleged here is manifest error of law. (Dkt. No. 179 at 1).

A manifest error of law must be "plain and indisputable," amounting "to a complete disregard of the controlling law." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Grand Famous Shipping Ltd. v. Port of Hou. Auth.*, 572 F.Supp.3d 307, 316 (S.D. Tex. 2021) (citation modified) (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)).

A Rule 59(e) motion "cannot be used to raise arguments [that] could, and should, have been made before the judgment issues." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor can it be used to "relitigate old matters" that have already been resolved. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008) (quoting 11 Wright & Miller's Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Mere disagreement with a prior ruling does not support a Rule 59(e)

5

motion." *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F.Supp.3d 412, 418 (M.D. La. 2019).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021) (quoting *Templet*, 367 F.3d at 479). Simply put, substantive relief under Rule 59(e) is reserved for "rare cases." *Wilmington Sav. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024).

A court, in considering a Rule 59(e) motion, must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Camacho v. Ford Motor Co.*, No. 5:19-CV-00023, 2020 WL 1958638, at *1 (W.D. Tex. Apr. 23, 2020) (quoting *Templet*, 367 F.3d at 479). "Though the court must consider these competing interests, Rule 59(e) favors the denial of a motion to alter or amend a judgment." *Id.* (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

### III.  DISCUSSION

Enable seeks to reopen this case based on the bankruptcy court's 2019 dismissal of its conversion claim. (Dkt. No. 179 at 1). Because that claim was never tried, Enable's request for a new trial under Federal Rule 59(a) is properly construed as a request to alter or amend the judgment under Federal Rule 59(e). Enable has not met Rule 59(e)'s demanding standard.

## A. Procedural Considerations

Enable styles its Motion as one for a new trial under Federal Rule 59(a). (Dkt. No. 179 at 1). But parties generally may not "seek[] a new trial on an issue for which there was no trial." *Young v. Erschick*, No. 4:21-CV-00644, 2024 WL 2212363, at *2 (E.D. Tex. May 16, 2024); *see also Merrill v. County of Madera*, 389 F.App'x 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of action[] for which Plaintiffs never received a trial."); 11 Wright & Miller's Federal Practice and Procedure § 2805 (3d ed. updated 2025) ("[A] party may not seek a second trial on the basis of a theory not urged at the first trial.").

Even so, when presented with a Rule 59(a) motion for a claim that was not tried, courts have treated the motion as one under Rule 59(e). *See Vanderbol v. Tuller*, No. 4:18-CV-00882, 2020 WL 4928305, at *2 (E.D. Tex. July 15, 2020); *Alford v. Access Indus., Inc.*, No. 1:15-CV-00059, 2016 WL 7665860, at *1 (E.D. Tex. Apr. 26, 2016); *Todd v. Alcatel USA Res., Inc.*, No. 4:05-CV-00223, 2008 WL 793377, at *2 (E.D. Tex. Mar. 24, 2008). The Court will do the same here.

## B. Enable Has Not Shown That The 2019 Dismissal Was Manifest Error

Under Rule 59(e), Enable bears the heavy burden of establishing that the bankruptcy court's 2019 dismissal of its conversion claim was a "manifest error of law"—meaning an error that is "plain and indisputable," amounting to "a complete disregard of the controlling law." *Lyles*, 871 F.3d at 311. Enable has not carried this burden.

For one, the bankruptcy court did not disregard controlling law. Indeed, as stated on the record at the 2019 hearing, the bankruptcy court "looked at the factual allegations

contained in paragraphs 10 through 26 of the second amended complaint, and appl[ied] the standards set forth by [*Iqbal*] and [*Twombly*] in looking at the elements of the claims." (*Adv. Proc.*, Dkt. No. 82 at 64:9-13) (transcription corrected). The court also noted that, while Enable's argument in supports of its claims had "gone way outside the factual support for the pleading," the court was "required to look at what is in the pleading itself." (*Id.* at 64:2-7). Applying controlling precedent to the allegations in the pleading, the bankruptcy court concluded that the complaint did not state a plausible conversion claim. (*Id.* at 64:15-16). While Enable disagrees with that conclusion, "mere disagreement with a prior ruling does not support a Rule 59(e) motion." *Omega Hosp., LLC*, 389 F.Supp.3d at 418.

What's more, the bankruptcy court could have reasonably concluded that the amended complaint was missing certain essential allegations for a conversion claim. For example, "[i]n order for an act to give rise to a conversion claim [under Louisiana law], the act of taking must be 'wrongful.'" *Chrysler Credit Corp. v. Whitney Nat. Bank*, 798 F.Supp. 1234, 1248 (E.D. La. 1992); *see also Alvarez v. Clasen*, 06-304, p. 4 (La. App. 5 Cir. 10/31/06), 946 So.2d 181, 183. ("[C]onversion is committed when one wrongfully commits any act of dominion over the property of another in denial of or inconsistent with the owner's rights."). "There are two ways that a taking can be 'wrongful.'" *Chrysler*, 798 F.Supp. at 1248. "The first is where the defendant initially acquires the property by a wrongful act, such as theft or fraud." *Id.* "The second is where the defendant comes 'rightfully into possession and then wrongfully refuses to surrender'" the property to one who is entitled to it. *Id.* (citation modified) (quoting *La. State Bar Ass'n*

8

*v. Hinrichs*, 84-1459 (La. 03/31/86), 486 So.2d 116, 121). A reasonable view of Louisiana law is that "[i]n the second scenario, 'demand and refusal are necessary to the existence of the tort.'" *Id.* (quoting *Hinrichs*, 486 So.2d at 121). Thus, a court may reasonably conclude that a complaint fails to state a claim for conversion if it does not "allege any facts supporting . . . demand for the return of the property and Defendants' refusal to do so." *Pan Am Realty, Ltd. v. Wells Fargo Bank, N.A.*, No. 5:14-CV-00629, 2014 WL 12878538, at *3 (W.D. Tex. Nov. 18, 2014).

Enable did not allege that Devon wrongfully acquired possession of the storage gas, such as by causing the gas to escape the storage field. (*Adv. Proc.*, Dkt. No. 65 at 8). As a result, the bankruptcy court could have reasonably concluded that Enable was required to allege that it demanded the return of (or compensation for) the storage gas from Devon.

On this point, Enable states in its Motion that it "demanded compensation from Devon for producing Enable's storage gas." (Dkt. No. 181 at 4). But the paragraph of the amended complaint cited in support of this contention reads: "Enable also demands judgment requiring Defendants to compensate Enable for any and all gains, profits or enhancements received by Devon and Linn causally related thereto including but not limited to profits gained by selling the storage gas withdrawn from Defendants' Wells without authorization." (*Id.*) (quoting *Adv. Proc.*, Dkt. No. 65 at 12). Demanding judgment from a court is not the same thing as demanding compensation or the return of property from Devon. There is no allegation in the amended complaint that Enable ever demanded the return of its gas or compensation of any kind. (*See generally Adv. Proc.*,

Dkt. No. 65). On this basis alone, the bankruptcy court could have reasonably concluded that Enable failed to plead an essential element of a conversion claim. At the very least, the matter is "[]disputable." *Lyles*, 871 F.3d at 311.

For these reasons, Enable has not shown that the bankruptcy court made a manifest error of law when it dismissed the conversion claim. Whether this Court would have decided the issue the same way—or taken a second look under a more forgiving prejudgment standard—Enable has not shown that the bankruptcy court disregarded controlling law or committed a "plain and indisputable" error in applying it. *Lyles*, 871 F.3d at 311. As a result, Enable's request for relief under Rule 59(e) is **DENIED**.

## IV.    CONCLUSION

For the reasons above, Enable's Motion for New Trial, (Dkt. No. 179), is **DENIED**.

IT IS SO ORDERED.

Signed on September 30, 2025.

                                                    **DREW B. TIPTON**
                                    **UNITED STATES DISTRICT JUDGE**